|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| ANTHONY SCOTT BERRINGER,<br><br>    Plaintiff,<br><br>v.<br><br>P. PAC, et al.,<br><br>    Defendants. | Case No.: 1:18-cv-00577-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br>[ECF No. 2]<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br>[ECF No. 1] |

Plaintiff Anthony Scott Berringer is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on April 30, 2018.

**I.**

**MOTION TO PROCEED IN FORMA PAUPERIS**

Initially pending before the Court is Plaintiff's motion to proceed in forma pauperis in this action, filed April 30, 2018. (ECF No. 2.)

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma

1

pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] 28 U.S.C. § 1915(g).

Court records reflect that on three or more prior occasions, Plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for the failure to state a claim upon which relief may be granted. The Court takes judicial notice of the following cases: (1) Berringer v. Salinas Valley State Prison, et al., No. 06-cv-02839-CW (N.D. Cal. Nov. 1, 2006) (dismissed as duplicative and abusive) ; (2) Berringer v. California Dep't of Corrections, No. 07-cv-03353-CW (N.D. Cal. July 13, 2007) (dismissed as duplicative and abusive); (3) Berringer v. Salinas Valley State Prison, et al., No. 06-cv-00270-CW (N.D. Cal. Jan. 8, 2008) (dismissed for failing to state a claim upon which relief may be granted); (4) Berringer v. Meza, et al., No. 11-cv-1439-PJH (N.D. Cal. July 5, 2011) (duplicative).

The Court has reviewed Plaintiff's complaint, and finds that, generally construed, his allegations satisfy the imminent danger exception to section 1915(g). Andrews v. Cervantes, 493 F.3d 1047, 1055-56 (9th Cir. 2007). Plaintiff's complaint, dated March 29, 2018, alleges that he was scheduled for bunion foot surgery for January 2018, but the surgery did not occur, and he was not informed whether or when it will be rescheduled. He asserts that his left toe is starting to bend to the side, showing severe disfigurement, and that he is in unbearable and excruciating pain. Plaintiff further alleges that although he has spoken to medical staff multiple times, he is denied any treatment or medication.

Based on Plaintiff's allegations, he has satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g) for imminent risk of serious physical harm. His application is otherwise

completed and signed, and is supported by documentation showing that he is unable to prepay the filing fees for these proceedings. Thus, the Court finds it appropriate to grant his application to proceed in forma pauperis.

The Court next screens Plaintiff's complaint, dated March 29, 2018, below.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///

# III.

# COMPLAINT ALLEGATIONS

Plaintiff is currently housed at California State Prison, Corcoran ("CSP-Corcoran") where the events at issue took place, and brings suit against the following medical care providers employed at CSP-Corcoran: (1) Pac P, Podiatrist; (2) Olivia Borbella, R.N.; (3) Patricia Rouge, Nurse Practitioner; and (4) S. Uriate, Licensed Psych Technician.

As discussed above, Plaintiff alleges that he was informed by Podiatrist Pac P that he would have bunion surgery in January 2018, but it never occurred and he was not informed whether and when it will be rescheduled. He has a severe bunion on his left toe bone, and his toe is starting to bend to the side, becoming severely disfigured. Plaintiff saw R.N. Borbella multiple times on the yard to discuss his toe condition, but she denied him services and refused to talk to her supervisor. He has received no medical care or medication, and his severe pain is unbearable and excruciating. Plaintiff has sent multiple sick call slips to S. Uriate, but they are ignored, with no response. Uriate told Plaintiff that he needs to find someone else to assist him and she refused to treat him or help him. No allegations are made regarding Nurse Practitioner Rouge.

Regarding Plaintiff's exhaustion of administrative remedies, he indicates that remedies are available at his institution, and that he has submitted a request for relief regarding these matters. He further indicates that he has not appealed the requests to the highest level, and that he is still in the first stages of his appeal.

# IV.

# DISCUSSION

**A.     Exhaustion of Administrative Remedies**

Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002). Although the "failure to exhaust is an affirmative defense under the PLRA," a prisoner's complaint may be subject to dismissal for failure to state a claim when an affirmative defense appears on its face. Jones v. Bock, 549 U.S. at 202, 215; see also Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (noting that where a prisoner's failure to exhaust is clear from the fact of the complaint, his complaint is subject to dismissal for failure to state a claim, even at the screening stage); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal[.]"), overruled on other grounds by Albino, 747 F.3d at 1166.

In California, a prison inmate satisfies the administrative exhaustion requirement by following the procedures set forth in sections 3084.1 through 3084.8 of Title 15 of the California Code of Regulations. An inmate "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate…can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the prisoner to proceed through all three levels of review. See Cal. Code Regs. tit. 15, § 3084.2(a). A decision at the third level of review, known as the director's level of review, is not appealable and constitutes the third level of administrative review. Id.

Here, as discussed above, Plaintiff has affirmatively alleged that although he has submitted an appeal regarding his allegations, his appeal is still at the first level, and he has not fully exhausted his request for relief through the highest level of review. Therefore, Plaintiff's failure to exhaust his administrative remedies prior to filing suit is clear from the face of the complaint. Based on Plaintiff's concession of nonexhaustion, this action must be dismissed, without prejudice. Jones, 549 U.S. at 211; McKinney, 311 F.3d at 1199-1201; see also City of Oakland, Cal. v. Hotels.com LP, 572 F.3d 958, 962 (9th Cir. 2009) ("[F]ailure to exhaust the administrative remedies is properly treated as a curable defect and should generally result in a dismissal without prejudice."); Albino, 747 F.3d at 1170 ("Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim"); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (the "exhaustion requirement does not allow a

prisoner to file a complaint addressing non-exhausted claims.") (citing McKinney, 311 F.3d at 1199). Further, although the Court would typically grant Plaintiff leave to amend due to his pro se status, amendment is futile in this instance because the failure to exhaust cannot be cured by the allegation of additional facts. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

**V.**

**ORDER AND RECOMMENDATION**

For the reasons explained above, it is HEREBY ORDERED that Plaintiff's motion to proceed in forma pauperis, filed on April 30, 2018 (ECF No. 2), is GRANTED.

Further, the Clerk of the Court is directed to randomly assign a District Judge to this action.

For the reasons explained, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, for failure to exhaust the administrative remedies.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 1, 2018**

UNITED STATES MAGISTRATE JUDGE